McFadden v. Federal National Mortgage Association. Mr. Domenoski. Good morning, Your Honors. Thomas Domenoski representing Rosetta and Herbert McFadden in their ongoing effort to pay for and remain in their family home. The first question is whether this court has the jurisdiction to decide the legal issues. Mr. and Mrs. McFadden filed their state law claims in the circuit court for Pulaski County after Fannie Mae filed an eviction action against them, also in state court. Although that eviction action is still pending in state court, Fannie Mae and Flagstar National Bank removed the McFadden's state law claims to federal court. The district court denied the motion to remand. But because no federal jurisdiction exists, this matter should be remanded. Fannie Mae and Flagstar erroneously argue that the Homeowners Loan Act establishes jurisdiction by complete preemption. That argument fails because the Homeowners Loan Act creates no federal cause of action. Similarly, Fannie Mae and Flagstar's assertion of jurisdiction because of a substantial federal question also fails. The McFadden's state law claims are not necessarily dependent on resolving any substantial federal issue. Well, I thought you said that they were dependent on the representation that some adjustments could be made under the Homeowners Loan Act. They were told to ignore the notices about the foreclosure. And they believed what they were told by the Flagstar bank representative on the phone. So they did not take the steps they could have and would have taken to avoid foreclosure. Right, but why isn't the Homeowners Loan Act necessarily part of this case? The Homeowners Loan Act is not necessarily part of this case because there is nothing in the claims that affects the lending activity. I thought they were claiming that the lending institutions were making some oral adjustments, allowing them to do some things in order to help them keep their house. And then they didn't keep their word to the homeowners. Isn't that what you're saying? Not quite, Your Honor. Okay. Well, tell me then what you're saying. First, the holder of the loan is Fannie Mae. So who you would think of as the creditor is Fannie Mae. The National Bank is servicing the loan. And so Mr. and Ms. McFadden are dealing with the National Bank on the phone as the servicer of the loan that's owned and held by Fannie Mae. But Flagstar's obligations arise under the Homeowners Loan Act and the accompanying regulations, don't they? No, Flagstar's obligations arise under whatever their contract is with Fannie Mae. And because the case was terminated before we even got to an answer, we have not seen that contract. We don't know what it says. But their obligations as servicer towards their client, Fannie Mae, are a creature of contract. Well, I thought the modification, though, that was being sought was under the federal program, the HAMP program. Mr. and Ms. McFadden did request modification. They requested modification. Under the HAMP program, correct? Yes, ma'am. So how can this be purely a state law issue? First. You're talking about the regulations, the original Homeowners Loan Act, the HAMP program, the associated regulations, and whether Flagstar met its obligations to the homeowner that the homeowner is saying was undertaken pursuant to the leverage given them under the HAMP program. So how is that a purely a state law issue? It's that last point that I want to correct, Your Honor. The allegation and what we're in court about is that while that application was pending, Flagstar told them, don't worry about those foreclosure notices. We are not trying to assert a private cause of action that the HAMP modification should have been granted and wasn't. There's several reasons why we're not trying to assert that, and one of them is federal courts, including this one, have repeatedly said there is no private cause of action under HAMP to get the modification. We did not bring a lawsuit saying they should have been granted the modification. The whole idea of complete preemption under beneficial national bank is tricky because of the tension that it raises with the face of the complaint rule, but there was an alternative basis for jurisdiction here, and that was the diversity, and it's pointed out that the plaintiff, McFadden, was a citizen of Virginia and Flagstar, a defendant and a citizen of Michigan, and Fannie Mae is a citizen of Washington. So the real parties and interests are diverse, are they not? They are not, Your Honor, because there's another party in the case. There is a number of lawyers at the table. You will hear argument on behalf of Fannie Mae and Flagstar. You will also hear argument on behalf of Samuel I. White, P.C. Samuel I. White, P.C. is a Virginia entity that was sued under the Virginia Consumer Protection Act. Were he the substitute trustee? They were the substitute trustee, Your Honor. Well, you know, I mean, Mr. White makes a lot of appearances in some of these foreclosure cases as a substitute trustee, and as far as I can recollect, we have treated him as a nominal party, a substitute trustee as a nominal party and not a real party and interest to the extent of defeating complete diversity. And that's particularly where there's, you know, no factual allegations or claims actually made against him. I know you desperately want to get back to state court, but why wouldn't there be complete diversity? Because I can't remember. I mean, as I say, Mr. White is a regular in these foreclosures cases, and he always appears in the ones I've sat on as a substitute trustee. And for diversity purposes, we've treated him as a nominal party. And if we do treat him as a nominal party, then complete diversity would exist. Your Honor, the cases you're referring to where he was treated as a nominal party are cases exactly on the facts you mentioned, where there was not a claim directly against them, not facts directly against them, not a legal assertion by the plaintiff directly against them. And in those cases, the court treated them as a nominal party. The case before this court includes the sixth claim, which is on page 15 of the joint appendix, which is a Virginia Consumer Protection Act claim brought against one entity, Sam White. And in that Virginia Consumer Protection Act claim, we assert that they violated three different provisions of the Virginia Consumer Protection Act. We assert why. They obtained, on a motion to dismiss, a substantive ruling from Judge Turk that said those claims cannot be brought. Now, what they're actually- The question, I suppose, is whether you simply alleged a legal conclusion against Mr. White or whether there were some factual allegations. And I'm, you know, you can always throw in a Consumer Protection Act claim every time Mr. White appears as a substitute trustee. And in an attempt, it can be a state claim, and it can be thrown in in the most conclusory form. And I think this was what Judge Turk was concerned about, which was that a boilerplate, highly conclusory, Virginia cause of action was being thrown in against the substitute trustee in order to do anything to defeat complete diversity. That's what he was- That's what the district court was concerned about. And as I say, I'm not sure we want to have a whole law in this circuit grow up about when Mr. White as a substitute trustee is a nominal party and when Mr. White is a real party in interest. It's complicated enough as it is. I mean, I think Judge Turk thought these state claims were frivolous, and he wanted to- He thought that what was going on here was an attempt to evade foreclosure by any and every means possible. And he said, look, rather than have this thing go around the courts like a car speeding around the Indianapolis 500, I'm going to bring an end to it because these claims on their merit in Judge Turk's view, and there's a lot of reason for it, are frivolous. And he said, I'm not going to get tied up in this notion and that notion and remand notions and ping-pong. I mean, that's where he's coming from. Well, Your Honor, if I may, the allegation that these claims were frivolous and that they were a nominal party and the claims were inserted only for purposes of jurisdiction was never addressed by Judge Turk. It wasn't addressed in the initial pleadings in this case. It was supplemental briefing by White. That's been raised for the first time on supplemental briefing in this case. We did specifically allege in paragraph in the complaint what the Virginia Consumer Protection Act was. And we said in paragraph 71, this is not a boilerplate complaint, this is very factually specific, that in connection with that consumer transaction, White violated 59.1, 200, 2, 5, and 14 of the VCPA by, among other things, misrepresenting that it had been properly by misrepresenting that it would act as a fiduciary towards plaintiffs and by not complying with fiduciary duties. Right. But the district court said that a question regarding the manner in which the loan modification is approved, which was at the heart of this case, is governed by the Homeowners Loan Act. And you haven't told me why it isn't. The Homeowners Loan Act Which would be a substantial federal question. Does not say banks are not allowed to misrepresent facts to people. No, but it talks about modifications to loans. And that's what you're alleging here. You're alleging that they were not permitted to make their loan modification. I'm sorry, but that is not what I'm alleging, Justice Keene. What we're alleging They were told not to, don't worry about the foreclosure Don't worry about the foreclosure notice. Excuse me, only one of us can talk. They were told not to worry about a loan foreclosure, according to you, because a modification was in the works. Were they not? A decision on the modification was pending. Exactly. Under the Homeowners Loan Act and the HEMP program. We are not saying what that decision should have been. We are not, we are saying But you can't avoid, you can't avoid the authority for the modification and simply say this is an equity foreclosure action and a misrepresentation action when it all stems from their loan from this bank and from their right to obtain these modifications and whether they were diverted unfairly from obtaining those. As a bond, in order to avoid the eviction action in state court, my clients have been paying over $1,000 a month, every month, into a state court bond. They can afford their home. They were not making their payments because while the modification application was pending, they were told not to make them. They got foreclosure notices. Let me at least, because I'm getting a little confused and I want to make sure I understand and correct me when I'm wrong on this. My understanding is your position, Judge Wilkinson seems to have articulated it from the perspective of the complete preemption. You don't get to ask these questions about whether the Homeowners Loan Association deals with this unless there's complete preemption. That goes back to state court. It may still arise there and there may be some claims preempted there and it then will come up. Or if there's an alternative basis for jurisdiction here being possibly diversity, then you get to answer those questions. But you say it's for the first time that's being brought up, didn't seem to be a notice of removal based on diversity at that point. Is that where we are that there is no complete preemption here and therefore the denial of the motion to remand was an error? Yes, Your Honor. Why isn't this field preemption on everything but the quiet title and so-called equity claim? Why isn't this field preemption? Not complete preemption, field preemption. On the field preemption. It's not field preemption because the quiet title claim asks whether the document that was recorded in the state court records was valid. A state, a national bank, no one can walk into a courthouse and record a false document and then say they own the property. That's stealing. Our allegation is a false document was recorded. The false document is in the chain of title. And all the titles downstream from that false document then are not valid. That is a quiet title action. There is nothing in HOLA that preempts any citizen of this country. I agree with you on the quiet title. There's no way that the federal court can affect the quiet title. But isn't your quiet title fatally defective because of Virginia Code section, what is it, 55 point? I'm not sure. It says how the substitute trustee can be appointed. Your quiet title action is predicated on whether Samuel I. White was properly appointed. And Virginia Code section totally refutes your position on that. Actually, with all due respect, no. We have alleged that that document does not comply with that statute. And the question. Why not? Why not? Tell me that on rebuttal. Why doesn't it apply with Virginia Code section 55? I wish I had the number in front of me. I had it. But I think you know which section I'm talking about. And if you could address that on rebuttal. Mr. Doughty. May it please the court, I'm Joe Doughty of the North Carolina Bar. Here on behalf of Federal National Mortgage Association and Flagstar Bank. I apologize for the last minute substitution. My colleague who was. We understand that's because of the illness. Yeah. He was in the hospital yesterday. So I'm a. Perfectly understandable. I will do my best to answer your questions on late notice. I'd like to pick up on a point that you were asking a moment ago, Judge Wilkinson, which is I'm not sure that this court has to reach the preemption issues at all. The question is, I understand it from it's like. And as you do answer this first, if you don't have preempt, complete preemption, then you must have an alternative basis in order for the court to come forward. Is that. I certainly agree with that. I mean, if so. So from that perspective, you're starting with the with the proposition that assuming we don't have complete preemption, then there is this alternative basis. Well, I'd like to answer the question both ways. I do think there's a basis for finding complete preemption, but I but I also think that we can. Can I just say this? The complete preemption doctrines and the beneficial national bank doctrines and the field preemption doctrines. They're really tricky. In this context and the tricky thing about complete preemption and the like is it appears to be in tension with the face of the complaint rule, because on the face of the complaint rule, the complaint is styled so that they're only state law claims. And normally the rule is that a complete preemption is a defense. It's a defense that can be or field preemption is a defense. It's a defense that can be raised in state court to a state law claim. And the state courts can handle a preemption issue or preemption claim that's raised defensively in state court. And you would agree with that, because that's basically what Lansby-Tharpe says. I do agree that generally preemption. What I'm saying is that the home beneficial where a doctrine of complete preemption trumps the face of the complaint rule, the Supreme Court has only done that on very rare occasions. And it would be tricky, which was why I suggested that a more straightforward route might be that of complete diversity. And if you'd like to help me out on that, I'd welcome your assistance. I'd like to help out on both fronts, and I'll try to do it quickly. First of all, just taking what I think is the easier argument at this point, the West Virginia Consumer Protection Act claim was dismissed. Under that act, one would have to be a supplier of goods or services for personal, household, consumer use. It's doubtful that a foreclosure trustee in performing a foreclosure would ever really satisfy that definition. You're losing me on that a little bit. I realize you want to go through the individual ones, but I think I'm following Judge Wilkerson. When we're dealing with complete preemption, it doesn't mean you can't discuss preemption. Preemption still can come up. It's got to come up in state court. And that's where that argument will come up that you're making right now. Oh, I understand, Judge Wynn. I was... But the complete preemption would then, if you don't have that, you're not here in federal court unless you can do the alternative basis. And the question then becomes is, is there an alternative basis here? I was urging the alternative basis, actually. I think that... I'm sorry. I thought... No, yeah. It sounded like it was going the other way. I do want to get to both. But on the alternative basis, at this point, White has been dismissed on the Consumer Protection Act claim. That was the only, quote, substantive claim that could possibly have been alleged against him. And he simply didn't meet the definition on things that's alleged in the complaint. Well, they're alleging against White on the quiet title claim, too, aren't they? But I think that's... I do believe that's an instance where he's a nominal party, Your Honor. Well, they're saying he didn't have authority to be appointed substitute trustee. So that's got to be more than nominal, doesn't it? I politely disagree, Your Honor. I don't think he loses anything. A party that's not a nominal party is... I understand the way the doctrine's been defined by this court and the Supreme Court, is it's a party... A non-nominal party is a party who stands to lose something. And Mr. White does not. He simply acted in a capacity to transfer title. That's been done for purposes of adding him to that action. It's just because he has to be there as a matter of form to undo it. But on the... So what we're really left with is the Virginia Consumer Protection Act claim. And in their brief, the plaintiffs did not make any argument with respect to the Virginia consumer. So I would argue that they've waived... Okay. But can't... And I guess maybe I'm confused on that, but don't we have an issue of whether there's a substantial federal question in this case, apart from the issue of complete preemption? I mean, leaving that aside, because that's the National Labor Relations Act, that's just a few things. Don't you have the federal question issue too? I agree. The alternative basis for jurisdiction would be complete preemption, substantial federal question. And we've sort of lumped them together. They are separate things. But they are separate, aren't they? Indeed, they are, Your Honor. Okay. But you're not relying on substantial federal question? Or are you? I'm confused on that. No, I do believe in many... Yes, I'm relying on all three. Because your brief didn't come across that way. I agree with that, Your Honor. I mean, it came across to me as if you were making a home beneficial argument, that there was a complete preemption here, that the federal government had occupied the field to such an extent that it completely preempted the state law claims in the complaint. That's the way your brief came across. And that's part of the argument. Let me, if I may, because I think it may help us here, let me try to work through the complete preemption argument and get to substantial federal question. Do you understand that that's, that the Supreme Court has, they're very wary of that? I do agree. That's a really treacherous road to go. I... Well, you don't have to go that way. Do you? See, that's what I don't understand, unless I'm missing the point. If there's a substantial federal question, you can still be in the right place, can't you? Irrespective of whether there's complete preemption. Absolutely. I still can be. Okay, so why wouldn't you take the easier route rather than the harder route? Oh, I'm all for the easier route, Your Honor. I just want to explain that. I think we have, I think we can get there all three ways. Well, if it's so easy, let me ask you this. Why did the federal, this substantial federal question not appear on the face of the complaint? I mean, a plaintiff is the master of his complaint. And normally, substantial federal questions appear on the face of the complaint. Was the, was this, did this appear on the face of the complaint? It is not a... This is a claim? Is it a count in the complaint? There's no federal count in the complaint. There's no federal count in the complaint. So we're once again bumping up against the face of the complaint rule, and it, how is it so easy if the federal question ain't even in the complaint? Well, I, with all due respect, I never said it was easy. I said I thought we could get there. Well, don't you have to, don't you have to take what the complaint's saying, not just what it invokes? Let me politely disagree with that based on some of the precedent we have. And let me use the beneficial case to do it. In that case, the plaintiff was trying to make a case under state law for usury. And in fact, what the Supreme Court held is there's, there is no such, there is no such claim because it has been preempted by Congress under the National Bank Act, actually a lesser preemption, but in that one instance, a lesser preemption than HOLA. But in that one instance, usury claim is defined and statutorily given under, under a congressional mandate. The, as you look at the cases that have been cited in the briefs, then I think one thing really occurred to me, notice the overlay of a number of different causes of action that tend to come together. And I believe they do in this case as well. You see TILA, you see RESPA, even when they're not pled on the face of the complaint, because a plaintiff will attempt to do what, in my opinion, has been done here to some respect. For example, one of the things that's at issue is the supposed wrongful disclosure of MERS as the beneficiary of the deed of trust. And that is not a disclosure with respect to lending terms is preempted. And there is actually a series of federal statutes that give you causes of action for at least some of the categories of things. Does the Supreme Court's Discover Bank question work into your complete preemption argument? Is this a... It's Faden versus Discover Bank. Yeah, and I, and I'll apologize, Your Honor, I'm, I'm blanking on the specifics of that case, but... You might want to read it at some point. Well, I, I understand. I, I... When was the last time the Supreme Court held complete preemption to trump the fact that the face of the complaint alleged only state law action? And I think it probably was the beneficial case, Your Honor. When was that? I can tell you that really quickly. That was in 2003, Your Honor. All right, but they haven't done that since. It's been brought up to them a number of times. Because the basic rule of thumb is that preemption, you know, that, that preemption is a defense. And state courts handle federal preemption claims all the time defensively. They do, Your Honor, but I think... I thought, given the fact that there wasn't a federal claim on the face of the complaint, that the complete diversity rationale was, was, was probably a more straightforward path. Well, and that's, and that's why I began my argument there. I think it's, I just think it's an easier way for the court to resolve the issue. I do believe there's jurisdiction under the Supreme Court's caterpillar analysis. If this court currently has jurisdiction, then, then it's appropriate for the court to decide the issues before it. And I do believe under complete diversity, the, the complaint establishes an amount in controversy. We're dealing with a loan that's $116,500. Sam I. White has been dismissed from the case, and the only even possible substantive claim against Sam I. White hasn't been brought forward in the appellant's brief. So I do believe complete diversity, all the other parties are diverse. I believe that provides an easier basis. It may be the only basis that you can go if, if, if the court were to say there's no complete diversity. I gather that it may be. It seems to be that if you're going to look at that complaint on the face of it, you're going to have a hard time finding complete preemption, I mean, from that perspective. I, I, I understand. I understand that courts are skeptical to go with a complete preemption. But this case is cut both ways. I mean, you hear on one side of this case today, and on the other side, they come a different way. But we've been pretty, at least the court has been pretty strict, at least in terms of how that's interpreted, for us to get jurisdiction in the first instance. As Judge Wilkinson has alluded to several times, state courts are capable of making these kinds of determinations. So the issue of preemption doesn't disappear. It just means it's not complete preemption. You may have to go back and litigate part of it there, and then it may end up somehow back here, I don't know. But the diversity issue is one that seems to be popping up now, and so then it runs in the face of, well, what does that mean? I mean, if you didn't ask for it below, and you didn't make a notice to remove based on diversity, and no one seems to assert it, and though he may be a nominal defendant, it would seem that there might be some remedy below in which you could either have him dismissed, or get that charge dismissed, or something like that, and then you'd have complete diversity. But it seems kind of messy when it comes up here, and you do have a defendant in the case, nominally or however, and we've got to go through this looking at it and analyzing it when it could be a very clean way to do it in the state court, and then you bring it up here, and it clearly does have complete diversity, or the claims are preempted. Well, I understand, Your Honor. I do think as we stand here today with the status of the claims, I do think it's clean in this court, and under the Caterpillar decision, I do think there is complete diversity of citizenship, and I think that's the paramount question, and the first question, whether this court has subject matter jurisdiction, and I believe it does. Not to get back into a minefield, but I don't want to leave without saying this in my brief time. As I understand it from the Lam's decision and from Beneficial, the question is whether state law is so totally subsumed by federal law such that state law cannot even treat on the subject. And with respect to the broad scope of every circuit court that's looked at the issue has held that with respect to the kinds of claims we're looking at here, there's very broad preemption of the issues. There is a patchwork of federal lending regulation that would give them a claim of the kind they want. For example, if their assertion, I'll be very quick, if their assertion is that they missed payments because of the representation and that their arrearage has increased, that's a usury claim. If they're claiming they got a misrepresentation concerning what status MERS was, that's a disclosure that would be properly addressed under TILA and RESPA. So I believe when you consider the patchwork in full, as well as what you stated with respect to where the authority comes from for modification, we do have both complete preemption. Let's hear from Mr. Gulott. Absolutely. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. My name is Ron Gilyot here on behalf of Samuel I. White, PC, an appellee in this matter. And we... discuss the sole issue regarding diversity jurisdiction. And I'd like to pick up where Judge Wilkinson was discussing that White has been named as a party but perhaps in a nominal capacity. It's important because the jurisprudence that has determined whether White's citizenship can be disregarded for diversity purposes is always focused on a couple of narrow issues. One, whether any of the allegations in the complaint directly call into question White as substitute trustee's actions. And opposing counsel raised the issue that in this particular case, he claims that the Virginia Consumer Protection Act somehow makes direct allegations at White. But I submit that the allegations put forth that White misrepresented itself as having the authority to act or that White misrepresented that it had the fiduciary duty to act, is all premised on the fact that they allege Flagstar or the lender did not have authority to appoint substitute trustee in the first place as opposed to, let's say, White didn't send out notices in compliance with Virginia law that deed of trust. So their allegations are similar to the ones cited in the Western District in Sincere where those plaintiffs actually did bring a breach of fiduciary duty claim in name only, but those courts determined that the plaintiffs were alleging that White breached his fiduciary duty, not by its own actions or inactions, but by the fact that the lenders, the allegations against the lenders, were that they didn't have authority to appoint White in the first place. So I submit Was White in this matter before the judge denied to remain? Yes, Your Honor. We were in it from the beginning. And so it occurred after the denial of the remand that he got out of it? Yes, Your Honor. The motion, I believe the procedurally, the 12B6 motion was heard on the same day that the motion to remand was, if I remember correctly. So you're saying initially it was error for the trial judge to not remand, because in fact White was in, if it's diversity, but that was cured later on? No, Your Honor. I submit that the cases we cited on brief, coming out of both the Eastern District and the Western District, were saying that even though there were causes of action brought against White in some of these other cases, as I stated, a breach of fiduciary duty, they, the cases had held that White citizenship for purposes of diversity can be disregarded when the allegations against them were really backdoor allegations against the lender not having the authority to act in appointing White. That applies not just to the allegations from the quiet title, but you say to any other allegation against them within the complaint. Yes, Your Honor. I would submit that the Virginia, just because you call it a Virginia Consumer Protection Act, the allegations are the same as in these other cases when they said you breached your fiduciary duty because you didn't have authority to act because the lender didn't have authority to sign the SOT. It's a breach of fiduciary duty under a code section, Your Honor. I submit for diversity purposes... You say it all goes back to White's authority to act. The allegations, yes, Your Honor, if I'm understanding your question correctly. I understand that there are a slew of cases in the Eastern and Western District of Virginia of Samuel White cases that have found him a nominal party. Yes, Your Honor. And would we be upsetting that rather substantial body of jurisprudence if we did otherwise? I believe so, Your Honor. I believe the fact that the real parties in interest here are between the plaintiffs who allege that the lender in this particular case, Flagstar, didn't have authority to foreclose upon their home to have the proper forum by bringing in a trustee, and under Virginia law, the trustee has to be a citizen of Virginia, so that would deprive, for diversity purposes, national lenders from the form of federal court. And that's who the fight's between, isn't it? The fight isn't with Mr. White. The fight is with Flagstar Bank and Fannie Mae. Absolutely. In this case in particular, as well as the cases we've cited in a brief. Mr. White's a bystander and maybe in the future we're going to have to move him out to complete diversity, but he's really a bystander to this whole fight between Flagstar and McFadden and Fannie Mae and that's why you have case after case after case in the Eastern and Western District of Virginia saying he's a nominal party. I see my time has concluded. May I briefly respond, Your Honor? Yes, Your Honor. That's exactly the case. The real parties in interest are here and are diverse, Your Honor. Our duties arise under the deed of trust in 55-59. Nothing's been pled in this particular case or those cases I've referred to or this court has referred to coming out of the Eastern and Western Districts. So I would ask that diversity is apparent on the face of the complaint and that this court, under cases I've cited, can retain jurisdiction once it's been fully adjudicated and at this stage. One question on that. This idea that he is a nominal party. Was any of this discussed below? I mean, is this coming up now for the first time to us? It was not addressed below, Your Honor. So in those cases that Judge Wilkerson alluded to, is that the way it was done? They just brought it up to the appellate court and never talked about it before? No, Your Honor. I don't, and again, I don't want to speak. I don't know procedurally if it went to the appellate court or not. But I assume that that was not the case, Your Honor, and it was not brought up below here. We have to satisfy ourselves as to our jurisdiction. Yes, Your Honor. We do that sui sponte. Yes, and I cited a statute, I believe it's 28 U.S.C. 1653, where the statute says that either at the trial or the appellate level, defective allegations of jurisdiction We're talking about removing. We're talking about removing a matter. There's nothing to say the state court doesn't have jurisdiction in this census and you're simply removing to acquire is one thing, to have and then to justify the fact that you're there is another thing. Yes, Your Honor, and I cited a case out of the Fifth Circuit and an unpublished opinion in the Fourth Circuit which the rationale was once the court exercised jurisdiction, once Judge Turk issued an opinion at a different stage. You've got to do that first. You've got to get yourself jurisdiction before you can then go to the merits and deal with the other things. Yes, Your Honor, and I think the case has said that the court, if there's an alternative grounds for jurisdiction, even though the original one, the case I cite out of the Fifth Circuit was brought as an admiralty jurisdiction under federal laws. The Fifth Circuit determined it did not arise out of admiralty, but they determined that because... There are cases where if there's a good deal of effort put into the trial or proceedings at the trial court and the case comes up to appeal and the trial court has put in a great deal of effort at the trial level and when the case comes up to appeal, the jurisdictional question is arguable and marginal that the court actually might get a bit practical and try to save the parties untold additional steps untold ring around the roses, more delay, more fees. Now those cases are out there and you have to have a trial judge that is going to spend some time reaching the merits and the jurisdictional question on appeal can't be a slam dunk. It has to be pretty marginal but at that point you can take into account the efforts that the parties have spent in the case and the desire of the judicial system to save them an indeterminate number of additional sequential steps which run up fees and keep the meter going when the ultimate outcome of the case is perfectly plain and those cases allow just a smidgen of practicality to enter the room. And I submit that the cases we cited do just what your honor said. But you know and I think that's a wonderful point. Judge Wilkerson making an excellent point in terms of the judicial economy of it but you ought to at least argue at removal I mean you didn't even argue this thing in removal. The trial judge didn't even get a chance to even look at this thing and then you come up here and says well there's something else that could be the basis of it. Where do we go with that? I mean we could take that principle and apply it to a lot of instances in which yeah we can look at this and make this determination whether it's a factual determination I don't know whether he's nominal or not but it seems to me that ought to at least have been made somewhere before now. I agree with your honor that optimally it should have been made below. I won't even try to take a position of why it shouldn't have been made but I do believe there is some practicality in the case law. We're going to remand on the question of whether or not Mr. White is a nominal party? Well I believe plaintiffs had put that as an alternative in their brief that to have it remanded if there's a question of fact. I submit it's apparent on the face of the complaint and there's no need for remand to determine the diversity jurisdiction. Thank you. Thank you your honors. Thank you. Thank you. I believe I need to pick up where I left off the question about why the deed of trust was then purportedly modified by this document a substitution of deed of trust why this document is invalid under the statute and for purposes of the merits we're assuming jurisdiction we're up here on a motion to dismiss and for the motion to dismiss we start with the allegations of the complaint paragraph 10 Fannie Mae was the beneficiary because it's alleged in the complaint Flagstar had sold all its rights this court has previously decided in Horvath that it matters who the current holder is and various wrong headed arguments have been made to this court in foreclosure cases that are different than this case. We are not making those arguments that you've seen in those cases we are making an argument on a couple who paid $3,500 bond to avoid an eviction order and are paying over $1,000 a month every month into a court so that they can continue to stay in their families home. This document is alleged to have not been proper. Paragraph 30 says White was not properly appointed substitute trustee. Paragraph 42 says this document was not signed by the beneficiary the beneficiary is Fannie Mae Paragraph 43 says it's not signed by an agent of the beneficiary of the loan secured by the deed of trust where that agent has the power of attorney and has proven its authority to act The Virginia statute is very clear. 55-59 subparagraph 9 it says the party secured by the deed of trust or the holders of greater than 50% interest can sign this document We agree with that. It is a very clear Virginia statute. The entity that needed to sign this document was Fannie Mae or the holder of 50% interest Yes, we have alleged that they were the whole holder, your honor, but I agree the statute does say or the holder of greater than 50% if they're going to come forward and prove that our allegations are wrong and that actually Flagstar Bank didn't sell more than 50% of it, then I would agree that Flagstar Bank had the authority, but what we've alleged is that this document is defective. We've alleged exactly why. The statute says it has to be signed by a beneficiary Flagstar can be the holder though, right? If they prove they're the holder, yes Except my research and into not only this case, but into Fannie Mae's practices, prior to filing a complaint, I file a complaint after I research it. There is not a frivolous complaint that's filed here. It's that Fannie Mae was the holder. Could I direct you to something just a little bit different and this is, and I may be a lone wolf on this issue but I want to get back to whether you have a disputed question of federal law as a necessary element of your claim. Yes, Your Honor. Your claims are all, or most of your claims deal with Flagstar's oral representations about the loan modification process, aren't they? Flagstar's oral representation to ignore the foreclosure notice, yes. It is about the modification, in other words that they were going to qualify for a modification You can ignore the foreclosure. We are not bringing a claim saying because Flagstar told them they were getting a modification, they had to get the modification. No, no, no. You're saying that they could ignore the foreclosure notices because the modification process was continuing. And it doesn't matter what the So why isn't there, why isn't the federal law a necessary element of your claim? Because, I want to point out that I could strike from that what they said for why to ignore it. I could go forward. You're saying it's just fraudulent on its face because they were lying. They never intended to do anything irrespective of whether it was under a modification or not. No, Your Honor. You keep going back to the modification. I keep going back to the statement that my clients relied on. Ignore the foreclosure notice. Sam White PC does a service in Virginia. I understand your answer. Thank you. The one thing I want to point out about this diversity jurisdiction which is, if this court is going to somehow rule that the remand should not have been granted because there was complete diversity. The complete diversity is only created by a federal court striking my client's Virginia Consumer Protection Act claim. And the case law says that that can't happen. And furthermore, it puts us in a totally untenable position which is, if there's complete diversity Unless we determine, as the other side has said, it doesn't matter whether or not he struck it or not. He was a nominal defendant in all of those cases. That's the thing. I agree with Judge Wynn on that point. I don't think that we're saying that the complete diversity depends upon granting a motion to on a state claim because, you know, generally you determine diversity jurisdiction as of the time the complaint is filed. And the question is, was Mr. White a nominal party as of the time the complaint is filed? But, you know, you're mischaracterizing their position in the argument when you say that the federal court somehow tried to create complete diversity by dismissing the claim against the non-diverse party. That's not gonna you know that's not what we're arguing. And that's not what we're that is not what we're discussing. In other words, you have more at your disposal than what you're giving yourself credit for. Forget about the dismissal aspect of it because we have to look at the time of the removal and remand. At that time as the other side indicated he was in, he was a party as far as all those other ones. So it's not just a quiet title. They'd have to show he's nominal in all of them. And I don't mean to mischaracterize the questions or the other side. You're doing it to your detriment. And I apologize for that. What I am trying to do is express a degree of frustration in that my client has a Virginia Consumer Protection Act claim against Sam White. If this court rules that that claim Sam White is merely a nominal party, then it is not ruling on that claim. But if I go into state court and file that claim against Sam White I will face a res judicata argument that the federal court has already substantively dismissed that claim. All I ask is a forum where my client's Virginia Consumer Protection Act claim can go through the normal judicial process. And if this court is going to rule that it is not this forum, it cannot rule in a way that precludes me from doing that in state court. That is my frustration. Alright. Thank you, sir. We'll come down and greet counsel and then we'll take a brief recess.
judges: J. Harvie Wilkinson III, Barbara Milano Keenan, James A. Wynn, Jr.